UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Criminal No: 6:16-cr-0034-GFVT-HAI-7 |
| Plaintiff, | ) | Criminal No: 6:16-cr-0034-GFVT-HAI-8 |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| JAMES RONALD JONES and TONY BRITTON, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court upon Magistrate Judge Hanly A. Ingram's Report and Recommended Disposition. [R. 316.] Defendant Tony Britton filed a Motion to Suppress [R. 247] and a Motion to Supplement the Motion to Suppress [R. 269]. Defendant James Ronald Jones filed a Motion to Join Mr. Britton's Motion to Suppress. [R. 250.] The Government opposed Mr. Britton's Motion to Suppress and Mr. Jones's Motion for Joinder. [R. 256.] The Magistrate Judge recommends that this Court deny Mr. Britton's Motion to Suppress [R. 247], deny Mr. Jones's Motion for Joinder [R. 250], and grant Mr. Britton's Motion to Supplement [R. 269]. For the reasons that follow, this recommendation will be adopted.

**I**

Magistrate Judge Ingram outlined the facts in his recommendation. [R. 316.] Mr. Britton and Mr. Jones have been charged with conspiracy to distribute controlled substances. [R. 181 at 1–2.] Additionally, Mr. Britton has been charged with aiding and abetting the burglary of a pharmacy. *Id.* at 2–3. According to the indictment, Mr.

Britton, having traveled in interstate commerce to facilitate access to the premises, entered Stephanie's Down Home Pharmacy in Corbin, Kentucky, with the intent to steal a controlled substance. *Id*.

On November 16, 2015, North Carolina Superior Court Judge Mark E. Powell issued a search warrant for records of DTC Wireless. [R. 316 at 1–2.] This warrant related to thirteen telephone numbers and authorized seizure of

1. Subscriber information including, but not limited to, name, address, alternative phone numbers, and dates of service, etc.
2. Outbound and inbound call detail, including cell tower location
3. Sector, azimuth, and cell tower identification records for call transmissions
4. All available text/SMS records to include content of messages which are available
5. ISMI, IMEA, or ESN numbers associated with phone numbers (931) 235-8772, (931) 235-1955, (931) 235-8764, (931) 235-2263, (931) 235-2989, (931) 235-5332, (931) 235-1349, (931) 235-2263, (931) 235-1878, (931) 235-9537, (931) 235-2491, (931) 235-8492, and (931) 235-2944
6. Data records associated with phone numbers (931) 235-8772, (931) 235-1955, (931) 235-8764, (931) 235-2263, (931) 235-2989, (931) 235-5332, (931) 235-1349, (931) 235-2263, (931) 235-1878, (931) 235-9537, (931) 235-2491, (931) 235-8492, and (931) 235-2944 during the requested time period
7. Any GPS location records for the listed phones that are available during the requested time period
8. Any roaming records for the listed phones that are available during the requested time period

[R. 247-1 at 3.] This seizure included records for dates between September 21, 2013, and September 30, 2015, a total of 739 days. *Id*. One of these phone numbers was associated with Mr. Britton. [R. 316 at 3.]

In support of the search warrant, the affidavit identified Mr. Britton and Mr. Jones, among others, as linked to Robert F. Nunley, II, for several pharmacy burglaries. *Id*. The affidavit identified thirteen distinct burglaries of pharmacies in 2015, all

2

involving white suspects wearing gloves and ski masks, carrying blue and green plastic tubs to stash the controlled substances, and driving a black Range Rover. [R. 247-1 at 5–8.] Mr. Britton and Mr. Jones were identified as suspects for these robberies, in addition to several others dating back to 2011. *Id*. When police searched Mr. Nunley's residence, they found ski masks, tools appearing identical to ones used in the pharmacy, bags of controlled prescription pills with pharmaceutical labels from several burglarized pharmacies. *Id*. at 7.

Because of the November 16 DTC Wireless search warrant, officials identified one number as belonging to Mr. Britton: (931) 235-5332. [R. 316 at 3.] Records from DTC Wireless confirmed his name, address, and other information. *Id*. No records were provided for an account belonging to Mr. Jones. *Id*.

On March 28, 2016, Judge Powell authorized the search of AT&T phone records for the same phone numbers and requesting the same information as the November 16 DTC Wireless warrant. [*Compare* R. 256-2 *with* R. 247-1.] From this warrant, officials were able to obtain cell-site location information (CSLI) records related to Mr. Britton's phone number, but nothing relating to accounts held by Mr. Jones. [R. 316 at 4.]

## II

### A

First, Magistrate Judge Ingram addressed Mr. Jones's Motion for Joinder. [R. 316 at 6.] Mr. Jones's deadline to file defensive motions was January 14, 2018. [R. 225.] Mr. Jones filed his Motion for Joinder on February 6, 2018, without filing a motion to extend his deadlines. [R. 250.] Accordingly, Judge Ingram determined Mr. Jones must first establish good cause for his failure to file prior to the deadline, pursuant to Fed. R.

Crim. Pro. 12(3). [R. 316 at 6.] Because he neither sought an extension of the deadline nor provided explanation for his untimely motion, Judge Ingram recommended this Court deny his motion as untimely. *Id*. In the alternative, Judge Ingram recommended denying this motion as moot, because no information specific to Mr. Jones was obtained from either warrant. *Id*. at 7–8. The Government has indicated they did not seize, nor do they intend to introduce at trial, any records specific to his cell phone or accounts. [R. 291 at 1–2.]

Judge Ingram then notified parties of their appeal rights pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Crim. Pro. 59(b), directing parties to file any objections within fourteen (14) days of service of the Recommendation. [R. 316 at 24.] As of this date, neither Mr. Jones nor the Government has filed objections to this portion of the Recommendation or sought an extension of time to do so.

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard. . . ." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, this Court has examined the record and agrees with the Magistrate Judge's Report and Recommendation as to Mr. Jones's Motion for Joinder.

**B**

Judge Ingram then turned to Mr. Britton's motions. Mr. Britton's initial Motion to Suppress included only the November 16 DTC Wireless warrant. [R. 247.] Because the warrants were substantially similar and supplementation would not prejudice the parties, Mr. Britton sought leave to supplement his Motion to Suppress to include the March 28 AT&T warrant. [R. 250.] Judge Ingram recommended granting that motion. [R. 316 at 24.] The parties were notified of their appeal rights pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Crim. Pro. 59(b), and directed to file any objections within fourteen (14) days of service of the Recommendation. *Id.* No party has filed an objection to this portion of the Magistrate Judge's recommendation. As stated previously, when no objections are made, the Court is not required to review the factual or legal conclusions of the magistrate. *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Even so, this Court has examined the record and agrees with the Report and Recommendation as to Mr. Britton's Motion to Supplement [R. 250].

**C**

Finally, having granted supplementation, this Court addresses Mr. Britton's Motion to Suppress. [R. 247.] Judge Ingram found that the Fourth Amendment does not protect the type of subscriber registration information that Mr. Britton seeks to suppress. [R. 316 at 10.] The Fourth Amendment of the United States Constitution protects an individual from unreasonable searches and seizures. Traditionally limited to "persons,

houses, papers, and effects," early jurisprudence surrounding the Fourth Amendment related to common-law trespass. *United States v. Jones*, 565 U.S. 400, 405 (2012). Courts have since deviated from that strict approach, finding a violation of the Fourth Amendment occurs if a government officer intrudes upon a person's "reasonable expectation of privacy." *Katz v. United States*, 389 U.S. 347, 360 (1967).

There is no recognized expectation of privacy when an individual voluntarily turns information over to a third party. *Smith v. Maryland*, 442 U.S. 735, 743–44 (1979); *United States v. Miller*, 425 U.S. 435, 442–42 (1976). Officers executing the November 16 DTC Wireless warrant obtained only the registration information Mr. Britton willingly provided to DTC Wireless, such as his name, his address, his phone numbers, and the dates he activated or deactivated his phone numbers. [R. 316 at 11.] He would have known, when he created his account with DTC Wireless, that the company received that information and stored it for administrative purposes, such as billing or account management. *Id*. Therefore, Judge Ingram found that Mr. Britton had no reasonable expectation of privacy in the information he provided voluntarily to DTC Wireless. *Id*. at 12. Mr. Britton's objections do not address the data obtained from DTC Wireless. [R. 322.]

As to the CSLI data obtained from the AT&T warrant on March 28, Judge Ingram similarly found no reasonable expectation of privacy. *Id*. The Sixth Circuit currently views CSLI as a business record, created and maintained by a wireless carrier. *United States v. Carpenter*, 819 F.3d 880, 887 (6th Cir. 2016), *cert. granted*, 137 S.Ct. 2211 (2017). Business records do not fall within the purviews of Fourth Amendment protections. *Id*. According to the Sixth Circuit, "the cell-site data—like mailing

6

addresses, phone numbers, and IP addresses—are information that facilitate personal communications, rather than part of the content of those communications themselves. The government's collection of business records containing these data therefore is not a search." *Id*. Therefore, under current Sixth Circuit precedent, Judge Ingram determined Mr. Britton had no reasonable expectation of privacy in the CSLI data collected from AT&T. [R. 316 at 12–16.]

Mr. Britton did file a timely objection to this portion of the Recommended Disposition, specifically as to the analysis regarding whether collection of CSLI data is a search under the Fourth Amendment. [R. 322.] Mr. Britton's objection triggers this Court's obligation to conduct a *de novo* review of Judge Ingram's analysis. 28 U.S.C. § 636(b)(1)(c). However, Mr. Britton only makes policy objections to the analysis, citing indications by justices that certain CSLI data *may* be protected by the Fourth Amendment. [R. 322 at 1–2.] The Court is aware that the Supreme Court of the United States has granted a petition for writ of certiorari to review the Sixth Circuit's decision in *United States v. Carpenter*. 127 S.Ct. 2211 (2017). But the Court is bound by the current Sixth Circuit law. Previous decisions of the Sixth Circuit remain controlling authority unless the United States Supreme Court issues an inconsistent decision requiring modification or if the Sixth Circuit, sitting *en banc*, overrules its previous decision. *United States v. Yoon*, 398 F.3d 802, 806 (6th Cir. 2005).

Because of the uncertain disposition of *Carpenter* before the Supreme Court of the United States, Judge Ingram included alternative reasons for denying Mr. Britton's Motion to Suppress, including the validity of the search warrants and the good faith exception to the exclusionary rule. [R. 316 at 16–24.] Mr. Britton submitted timely

objections to these conclusions as well, arguing the search warrant was invalid and the good faith exception does not apply. [R. 322 at 2–3.] However, because this Court finds that the Fourth Amendment does not protect the information collected from DTC Wireless and AT&T, the Court declines to address these arguments. Accordingly, the Court will not adopt Judge Ingram's alternative recommendations in his Analysis Sections III and IV. [R. 316 at 16–24.]

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Tony Britton's Objections to the Magistrate Judge's Report and Recommendation, except those the Court declines to address, [**R. 322**] are **OVERRULED**;

2. The Magistrate Judge's Recommended Disposition [**R. 316**] is **ADOPTED IN PART** as to the Sections I and II and the Conclusion, for the reasons set forth in this Order, as and for the opinion of this Court;

3. Defendant Tony Britton's Motion to Supplement his Motion to Suppress [**R. 269**] is **GRANTED**;

4. Defendant Tony Britton's Motion to Suppress Evidence [**R. 247**] is **DENIED**; and

5. Defendant James Ronald Jones's Motion for Joinder [**R. 250**] is **DENIED**.

This 23d day of May, 2018.

*Gregory F. Van Tatenhove*
United States District Judge