UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> V. ) <br> ) <br> JAMES RONALD JONES and ) <br> TONY BRITTON, ) <br> ) <br> Defendants. ) | Crim. No. 6:16-cr-00034-GFVT-HAI-7,8 <br><br> **MEMORANDUM OPINION** <br> **&** <br> **ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Following a week-long criminal trial, Defendants James Ronald Jones and Tony Britton were found guilty by a jury. Now, both defendants have filed motions for acquittal and motions for a new trial. [R. 514; 515; 516; 517.] Because sufficient evidence supports the jury's verdict and the evidence does not weigh heavily against the jury's verdict, the Court **DENIES** all four of these motions.

**I**

Mr. Jones and Mr. Britton were charged in November of 2017 by a Second Superseding Indictment, joining six other co-defendants who had previously been charged with similar crimes. [R. 181.] Both Mr. Jones and Mr. Britton were charged with conspiracy to distribute oxycodone, and Mr. Britton was also charged with aiding and abetting a burglary. *Id*. According to the Second Superseding Indictment, from December 2010 through October 2015, Robert Nunley, Christopher Land, Anthony Bosio, Kenneth Britton., Randy Stiefel, Jamie Sweeton, James Ronald Jones, and Tony Britton conspired to distribute pills containing oxycodone. *Id*. Additionally, the Second Superseding Indictment alleged that on or about

January 26, 2014, Robert Nunley, Christopher Land, Randy Stiefel, and Tony Britton aided and abetted one another to enter Stephanie's Down Home Pharmacy and steal controlled substances totaling over $500. *Id.*

Over the course of trial, the Government called on Co-Defendants Robert Nunley, Anthony Bosio, and Christopher Land to testify as to the Defendants' involvement in the conspiracy. [R. 481; R. 485.] The Government introduced cell phone records establishing communication among some of the conspirators and surveillance videos of several pharmacies in both Tennessee and Kentucky. [R. 495.] The jury found both defendants guilty of all counts against them. [R. 498; R. 499.]

Following the jury's verdict, both defendants filed post-trial motions for a judgment of acquittal pursuant to Federal Rule of Civil Procedure 29 and motions for a new trial pursuant to Rule 33. After considering the arguments by both Mr. Jones and Mr. Britton and the evidence presented at trial, the Court upholds the jury's verdict and denies the requests for post-trial relief.

## II

### A

At the conclusion of the Government's case, and again at the conclusion of proof at trial, Mr. Jones and Mr. Britton both moved for acquittal pursuant to Federal Rule of Criminal Procedure 29. [R. 491; R. 492.] They have now both supplemented these motions. [R. 515; R. 516.] Rule 29 requires this Court to enter a judgment of acquittal on "any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a).

When considering a Rule 29 motion based on an alleged insufficiency of the evidence, the Court may not reweigh the evidence, reevaluate the credibility of witnesses, or substitute its judgment for that of the jury. *See United States v. Callahan*, 801 F.3d 606, 616 (6th Cir. 2015).

Instead, the Court views all of the evidence in the light most favorable to the Government, and then it considers whether any rational trier of fact could find the elements of the counts of conviction beyond a reasonable doubt. *See, e.g.*, *United States v. Vichitvongsa*, 819 F.3d 260, 270 (6th Cir. 2016); *United States v. Villarce*, 323 F.3d 435, 438 (6th Cir. 2003). "In sum, a defendant claiming insufficiency of the evidence bears a very heavy burden." *Callahan*, 801 F.3d at 616 (quoting *United States v. Jackson*, 473 F.3d 660, 669 (6th Cir. 2007)). Because the defendants failed to sustain this burden, the Rule 29 motions are properly denied.

### 1

A review of the trial evidence demonstrates that a rational trier of fact could conclude James Ronald Jones was guilty beyond a reasonable doubt of the single conviction for conspiracy to distribute oxycodone. To establish a drug conspiracy, the Government must prove "(1) an agreement to violate drug laws; (2) knowledge of and intent to join the conspiracy; and (3) participation in that conspiracy." *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007).

Mr. Jones opines that a rational jury could not have convicted him because the evidence presented was circumstantial and because the testimony of the co-defendants was conflicting and not reliable. [R. 516-1.] Robert Nunley told the jury that Mr. Jones would ride in the same vehicle and go into the stores during burglaries. [R. 481 at 17–18.] He identified Mr. Jones as a participant in the burglary of Ely Drug in Glasgow, Kentucky, where he claimed Mr. Jones stole Schedule II narcotics. *Id*. at 53–57. Mr. Nunley also implicated Mr. Jones in the burglary of Monterey Drug in Monterey, Tennessee, Designer Drug in Chattanooga, Tennessee, and Lee's Total Health Pharmacy in Sevierville, Tennessee, all of which included Mr. Jones stealing pills. *Id*. at 72–86. Anthony Bosio testified that he knew Mr. Jones worked with Mr. Nunley to steal

pills. [R. 485 at 12–13.] He claimed to have discussed the conspiracy with Mr. Jones. *Id*. at 20–21. Christopher Land corroborated this, stating Mr. Jones accompanied him on several burglaries. *Id*. at 72. He also identified Mr. Jones as an assistant in the Glasgow, Kentucky burglary. *Id*. at 82–87.

When establishing a conspiracy, the Government need not introduce proof of a formal agreement, as a conspiracy may be inferred from circumstantial evidence. *United States v. Avery*, 128 F.3d 966, 970–71 (6th Cir. 1997). Contrary to Mr. Jones's assertions, the Government did not need direct evidence; the statements from co-conspirators are sufficient. As to the reliability of the testimony, that is a question for the jury. In a Rule 29 motion, the Court may not reweigh the evidence, reevaluate the credibility of witnesses, or substitute its judgment for that of the jury. *See United States v. Callahan*, 801 F.3d 606, 616 (6th Cir. 2015). The testimony of Mr. Nunley, Mr. Land, and Mr. Bosio is sufficient. Mr. Jones has not met the heavy burden of demonstrating insufficient evidence, and therefore, his Rule 29 motion is denied. *Callahan*, 801 F.3d at 616 (quoting *United States v. Jackson*, 473 F.3d 660, 669 (6th Cir. 2007)).

**2**

Reviewing the trial evidence, a rational trier of fact could also conclude Tony Britton was guilty beyond a reasonable doubt of both the conviction for conspiracy to distribute oxycodone and the conviction for aiding and abetting the burglary of a pharmacy. As stated previously, in order to establish a drug conspiracy, the Government must prove "(1) an agreement to violate drug laws; (2) knowledge of and intent to join the conspiracy, and (3) participation in that conspiracy." *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007). For the burglary of a pharmacy, the Government must establish an individual, without authority, entered or attempted

to enter premises regulated by the Drug Enforcement Administration with an intent to steal anything containing any quantity of a controlled substance. 18 U.S.C. § 2118(b). To convict someone of aiding and abetting such a burglary, the defendant must contribute to the commission of the burglary with the intent to aid in the burglary. *See United States v. Graham*, 622 F.3d 445, 450 (6th Cir. 2010).

Mr. Britton claims that the Government produced no evidence that he "was made aware of or involved in the planning, handling, or sale of a controlled substance" or that he "knowingly and voluntarily entered the conspiracy and the robbery." [R. 515 at 3.] When establishing a conspiracy, the Government need not introduce proof of a formal agreement, as a conspiracy may be inferred from circumstantial evidence. *United States v. Avery*, 128 F.3d 966, 970–71 (6th Cir. 1997). At trial, Robert Nunley testified that Tony Britton assisted him in burglarizing drug stores, including ones in both Tennessee and Kentucky, by driving a trail car. [R. 481 at 18–20.] Anthony Bosio claimed he received pills to sell from Kenneth Britton, and that Tony Britton was assisting Kenneth Britton in obtaining those pills. [R. 485 at 12–13.] Christopher Land also confirmed that Tony Britton drove a trail car. *Id*. at 62–63. All of this testimony was sufficient to establish a conviction for conspiracy. *Brown v. Davis*, 752 F.2d 1142, 1144 (6th Cir. 1985). Such evidence was sufficient for a rational trier of fact to find the elements of Mr. Britton's conviction beyond a reasonable doubt. *See, e.g.*, *United States v. Vichitvongsa*, 819 F.3d 260, 270 (6th Cir. 2016); *United States v. Villarce*, 323 F.3d 435, 438 (6th Cir. 2003). Thus, Mr. Britton's motion for acquittal is denied.

**B**

The Defendants alternatively request a new trial pursuant to Federal Rule of Criminal Procedure 33. Rule 33 allows the Court to vacate a judgment entered against a defendant and

5

grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). Rule 33 motions are granted "only in the extraordinary circumstance where the evidence preponderates heavily against the verdict." *See United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007) (citation omitted). While the Court construes all evidence in the light most favorable to the Government when analyzing a Rule 29 motion, the Court is allowed to "act as a thirteenth juror, assessing the credibility of witnesses and the weight of the evidence" when resolving a Rule 33 motion. *Id.*; *United States v. Lutz*, 154 F.3d 581, 589 (6th Cir. 1998).

Although Rule 33 allows the Court to vacate a jury's verdict and grant a new trial "if the interest of justice so requires," that phrase is not defined in the Federal Rules of Criminal Procedure or elsewhere in the law. *See United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010). Nevertheless, the Sixth Circuit has articulated "several recurring themes" that emerge from the body of Rule 33 case law that help guide the Court in reaching its conclusion. Rule 33 may be used to grant a new trial if the jury's verdict is against the manifest weight of the evidence, or if a substantial legal error has occurred. *Id.* "[L]ess clear is whether a district court may grant Rule 33 relief where the verdict is not against the substantial weight of the evidence, and where no reversible error or violation of the defendant's substantial rights has occurred, but where the district court nonetheless believes that 'the interest of justice' requires a new trial." *Id.* at 374. The Court finds that the jury's verdict was not against the manifest weight of evidence, no substantial legal error occurred, and a new trial is not required in the interest of justice.

**1**

Initially, Mr. Jones incorporates his arguments from his Rule 29 motion, claiming insufficient evidence. [R. 517-1 at 3.] However, the Court has already determined that the

Government presented adequate evidence to support Mr. Jones's conviction and declines to reevaluate the sufficiency of that evidence.

Next, Mr. Jones claims that the weight of the evidence presented weighs against conviction because the Government failed to prove Mr. Jones himself distributed oxycodone and failed to prove he intended to join a conspiracy. [R. 517-1 at 4.] The Government did not need to demonstrate that Mr. Jones actually distributed a controlled substance, only that he knowingly and intentionally conspired with others to violate drug laws. *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007). Furthermore, to be guilty of conspiracy, he need not be involved in each phase of the conspiracy as long as he is a party to the general agreement. *United States v. Graham*, 622 F.3d 445, 449 (6th Cir. 2010) (citations omitted). Knowledge of the conspiracy and intent to join the conspiracy can be "inferred from surrounding circumstances." *United States v. Brown*, 332 F.3d 363, 372–73.

The evidence presented did not suggest Mr. Jones was merely an associate of the co-defendants, but that he actively participated in various burglaries. [R. 481 at 17–18, 53–57, 72–86; R. 485 at 72, 82–86.] Mr. Jones did not need to actually sell the pills to knowingly and intentionally join the conspiracy, as the testimony indicated, it was Mr. Nunley who sold pills to Mr. Bosio, who distributed them outside the conspiracy, while the others stole the pills from the pharmacies. Mr. Jones's participation in the conspiracy can be clearly inferred from his participation in the burglaries, and he has pointed to no exculpatory evidence that weighs "heavily against the verdict" or establishes the "extraordinary circumstances" required to grant a Rule 33 motions. *See United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007) (citation omitted). Thus, Mr. Jones's motion for new trial is denied.

**2**

Mr. Britton first argues that witnesses who testified against him were untruthful, specifically because the co-defendants contradicted each other on the stand. [R. 514 at 1–2.] In his testimony at trial, Co-Defendant Robert Nunley established that Tony Britton assisted him in burglarizing drug stores, including ones in Tennessee and Kentucky. [R. 481 at 7.] He told the jury that Mr. Britton drove a trail vehicle when they would rob the pharmacies and that he preferred Mr. Britton over others in the conspiracy to be the trail car driver. *Id*. at 18–20. Mr. Nunley confirmed that the group, including the trail car driver, would sell a majority of the stolen pills and divide the rest between themselves. *Id*. at 13. The trail car driver would also receive a share of the money resulting from the burglary. *Id*. at 12.

Testimony of a single witness, even that which is uncorroborated, is sufficient to support a conviction. *Brown v. Davis*, 752 F.2d 1142, 1144 (6th Cir. 1985). The jury also heard the testimony of Co-Defendants Christopher Land and Anthony Bosio, and cross-examination of these witnesses demonstrated to the jury that Mr. Nunley hoped to receive a reduced sentence by testifying. [R. 485; R. 481 at 110.] Mr. Bosio stated that he was receiving pills from Kenneth Britton, and that Tony Britton was assisting Kenneth Britton. [R. 485 at 12–13.] He admitted his main contact was Mr. Nunley, not Tony Britton, but never denied Mr. Britton's involvement. *Id*. at 24. Christopher Land also confirmed that Tony Britton drove the trail car in the pharmacy burglaries. *Id*. at 62–63. Here, the evidence provided by the Government does not preponderate heavily against the verdict. *See United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007). While Mr. Bosio may have not had direct contact with Mr. Britton, both Mr. Land and Mr. Nunley established that they participated in burglaries with Mr. Britton. [R. 485 at 74; R. 481 at

18–20.] These witnesses implicated Mr. Britton's involvement, even if they contradicted each other on more minor details.

Next, Mr. Britton asserts that the cell phone records only proved he was in the Corbin area, not that he was specifically at Stephanie's Down Home Pharmacy. [R. 514 at 2.] This may be true. But Mr. Britton was not convicted on cell phone evidence alone: Mr. Nunley and Mr. Land both testified that Mr. Britton accompanied them to burglarize Stephanie's Down Home Pharmacy. [R. 481 at 29–30; R. 485 at 74.] Mr. Britton asks the Court to infer he was merely in the Corbin area to pick up automobile parts, but he does not provide sufficient evidence for the Court to do so. [R. 514 at 2.] He may very well have traveled to Kentucky on several occasions, but no evidence presented at trial suggested that he was in Corbin that day for any reason other than the burglary. Accordingly, the cell phone evidence presented does not weigh against the verdict, much less heavily against the verdict.

Finally, Mr. Britton claims there was no physical evidence tying Mr. Britton to these crimes, and because the Government could not demonstrate any communications between Mr. Britton and the co-conspirators, the Government failed to prove an agreement to participate in the conspiracy. [R. 514 at 2.] Mr. Britton's assertion would require the Court to disregard completely the testimony of Mr. Nunley, which the Court has already declined to do. Proving a conspiracy does not require proof of a formal agreement, as such may be inferred by circumstantial evidence. *United States v. Avery*, 128 F.3d 966, 970–71 (6th Cir. 1997). Nor is it necessary that a defendant participated in all aspects of the conspiracy. *Id*. From Mr. Nunley's testimony, the Government demonstrated Mr. Britton was a part to the general agreement, sufficient to establish a conspiracy. *Id*. Furthermore, Mr. Britton attempts to claim that he only communicated with Mr. Nunley in November of 2013, and therefore, could not be associated

with the conspiracy. [R. 514 at 2.] It may be true that the only record of communication between the two via cell phone was in November of 2013, but this does not necessarily mean the two did not communicate in other ways. Mr. Sizemore testified at trial that Mr. Britton was not an AT&T customer, and therefore, the only time his communications would appear on AT&T records would be when he was using an AT&T tower, meaning the two men could have been communicating without it appearing on the records introduced at trial. [R. 486 at 80–81.] Mr. Britton has not identified any evidence that "preponderates heavily against the verdict." *See United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007) (citation omitted). Nor has he established that this is an "extraordinary circumstance" in which the Court should grant a new trial. *Id.* Accordingly, Mr. Britton's motion for new trial is denied.

### III

Granting a new trial or a judgment of acquittal after a jury has found a defendant guilty is an extraordinary circumstance. In this matter, the evidence presented by the Government supports the verdict rendered by the jury at trial. Neither a judgment of acquittal nor a new trial is warranted as to either Mr. Britton or Mr. Jones. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Tony Britton's Motion for New Trial [**R. 514**] is **DENIED**;

2. Defendant Tony Britton's Motion for Judgment of Acquittal [**R. 515**] is **DENIED**;

3. Defendant James Ronald Jones's Motion for Judgment of Acquittal [**R. 516**] is **DENIED**; and

4. Defendant James Ronald Jones's Motion for New Trial [**R. 517**] is **DENIED**.

This the 20th day of December, 2018.

Gregory F. Van Tatenhove
United States District Judge